IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| GREGOR IRISH, JAMES FALDUTO and JESSI HOLDEN, | Civil Action Number: |
| | 4:14-cv-178-HLM |
| Plaintiffs, | |
| | **Jury Trial Demanded** |
| vs. | |
| BEALL'S OUTLET STORES, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiffs Gregor Irish ("Mr. Irish"), James Falduto ("Mr. Falduto"), and Jessi Holden ("Ms. Holden") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, bring this Complaint against Defendant Beall's Outlet Stores, Inc., ("Beall's") and show the Court as follows:

## INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201, *et seq*.), ("the FLSA") to recover due but unpaid overtime compensation and additional like amounts as liquidated damages; and to be reimbursed their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Beall's conducts business from facilities within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Irish resides in Gordon County, Georgia.

5.

Beall's employed Mr. Irish from July 6, 2006 through June 2012 and again from August 2013 through March 2014.

6.

At all times relevant to this action, Beall's employed Mr. Irish as a Loss Prevention Group Manager from June 2011 through June 2012 and again from August 2013 until March 3, 2014.

7.

During the relevant time period, two or more employees of Beall's, including the Plaintiffs, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, interstate traveling systems and interstate banking services that included transactions across state lines.

8.

During the relevant time period, two or more employees of Beall's, including the Plaintiffs, used the instrumentalities of commerce including use of the postal system, the interstate phone system and the internet in the performance of his duties.

9.

During the relevant time period, two or more employees of Beall's handled a variety of retail goods made in other states and outside of the United States.

10.

At all times material hereto, Mr. Irish was an "employee" of Beall's as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

At all times material hereto, Beall's was an "employer" of Mr. Irish as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

At all times relevant, Mr. Irish was "engaged in commerce" as an employee of Beall's as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

At all times material hereto, Mr. Irish was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

14.

At all times material hereto, Beall's did not employ Mr. Irish in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

15.

At all times material hereto, Beall's did not employ Mr. Irish in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

16.

At all times material hereto, Beall's did not employ Mr. Irish in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

17.

At all times material hereto, Beall's did not employ Mr. Irish in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

18.

During the relevant time period, Mr. Irish did not exercise discretion in making significant business decisions.

19.

At all times relevant from July 2011 through June 2012 and again from August 2013 through March 3, 2014, Beall's misclassified Mr. Irish as an exempt employee. Mr. Irish was misclassified because, among other reasons, the work that he did was rote, any significant decisions were made by others and he had no real discretion to choose among significant business options.

20.

Beall's failed to pay Mr. Irish any overtime premium for any work he performed in excess of forty (40) hours in each work week from June 2011 through June 2012 and again from August 2013 through March 3, 2014.

21.

Mr. Falduto resides in North Carolina.

22.

Beall's employed Mr. Falduto from October 2007 through September 2012.

23.

At all times relevant to this action, Beall's employed Mr. Falduto as a Loss Prevention Group Manager from October 2007 through September 2012.

24.

At all times material hereto, Mr. Falduto was an "employee" of Beall's as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

25.

At all times material hereto, Beall's was an "employer" of Mr. Falduto as defined in FLSA § 3(d), 29 U.S.C. §203(d).

26.

At all times relevant, Mr. Falduto was "engaged in commerce" as an employee of Beall's as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

27.

At all times material hereto, Mr. Falduto was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

28.

At all times material hereto, Beall's did not employ Mr. Falduto in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Beall's did not employ Mr. Falduto in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Beall's did not employ Mr. Falduto in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

31.

At all times material hereto, Beall's did not employ Mr. Falduto in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

32.

During the relevant time period, Mr. Falduto did not exercise discretion in making significant business decisions.

33.

At all times relevant from July 2011 through September 2012, Beall's misclassified Mr. Falduto as an exempt employee. Mr. Falduto was misclassified because, among other reasons, the work that he did was rote, any significant decisions were made by others and he had no real discretion to choose among significant business options.

34.

Beall's failed to pay Mr. Falduto the overtime premium for any work he performed in excess of forty (40) hours in each work week from July 2011 through September 2012.

35.

Ms. Holden resides in Broward County, Florida.

36.

Beall's employed Ms. Holden from August 2003 through May 2012.

37.

At all times relevant to this action, Beall's employed Ms. Holden as a Loss Prevention Group Manager and Regional Investigator from August 2003 through May 2012.

38.

At all times material hereto, Ms. Holden was an "employee" of Beall's as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

39.

At all times material hereto, Beall's was an "employer" of Ms. Holden as defined in FLSA § 3(d), 29 U.S.C. §203(d).

40.

At all times relevant, Ms. Holden was "engaged in commerce" as an employee of Beall's as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

41.

At all times material hereto, Ms. Holden was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

42.

At all times material hereto, Beall's did not employ Ms. Holden in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

43.

At all times material hereto, Beall's did not employ Ms. Holden in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Beall's did not employ Ms. Holden in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Beall's did not employ Ms. Holden in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

46.

During the relevant time period, Ms. Holden did not exercise discretion in making significant business decisions.

47.

At all times relevant from July 2011 through May 2012, Beall's misclassified Ms. Holden as an exempt employee. Ms. Holden was misclassified because, among other reasons, the work that he did was rote, any significant decisions were made by others and he had no real discretion to choose among significant business options.

48.

Beall's failed to pay Ms. Holden the overtime premium for any work she performed in excess of forty (40) hours in each work week from July through May 2012.

49.

Beall's is a corporation organized under the laws of the State of Florida.

50.

From on or about July 2011 until March 3, 2014, Beall's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

51.

During 2011, Beall's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

52.

During 2012, Beall's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

53.

During 2013, Beall's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

54.

During 2014, Beall's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

55.

During 2011, Beall's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

56.

During 2012, Beall's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

57.

During 2013, Beall's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

58.

During 2014, Beall's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

59.

During 2011, Beall's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

60.

During 2012, Beall's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

61.

During 2013, Beall's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

62.

During 2014, Beall's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

63.

At all times material hereto, Beall's has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

64.

Beall's is subject to the personal jurisdiction of this Court.

65.

Beall's may be served with process through its Registered Agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

**COUNT I**
**FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FLSA AS TO PLAINTIFF IRISH**

66.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out in this paragraph.

67.

At all times material hereto, Mr. Irish has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

68.

During his employment with Beall's, Mr. Irish regularly worked in excess of forty (40) hours each week.

69.

Beall's failed to pay Mr. Irish at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through June 2012 and again from August 2013 through March 3, 2014.

70.

Beall's willfully failed to pay Mr. Irish at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through June 2012 and again from August 2013 through March 3, 2014.

71.

Mr. Irish is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

As a result of the underpayment of overtime compensation as alleged above, Mr. Irish is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Mr. Irish is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FLSA AS TO PLAINTIFF FALDUTO

74.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out in this paragraph.

75.

At all times material hereto, Mr. Falduto has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

76.

During his employment with Beall's, Mr. Falduto regularly worked in excess of forty (40) hours each week.

77.

Beall's failed to pay Mr. Falduto at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through September 2012.

78.

Beall's willfully failed to pay Mr. Falduto at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through September 2012.

79.

Mr. Falduto is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

80.

As a result of the underpayment of overtime compensation as alleged above, Mr. Falduto is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

81.

As a result of the underpayment of overtime compensation as alleged above, Mr. Falduto is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III
## FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FLSA AS TO PLAINTIFF HOLDEN

82.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out in this paragraph.

83.

At all times material hereto, Ms. Holden has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

84.

During her employment with Beall's, Ms. Holden regularly worked in excess of forty (40) hours each week.

85.

Beall's failed to pay Ms. Holden at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 2011 through May 2012.

86.

Beall's willfully failed to pay Ms. Holden at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 2011 through May 2012.

87.

Ms. Holden is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the underpayment of overtime compensation as alleged above, Ms. Holden is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

89.

As a result of the underpayment of overtime compensation as alleged above, Ms. Holden is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded amounts to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                                ***DELONG CALDWELL BRIDGERS***
                                                ***& FITZPATRICK, LLC***

|  |  |
|---|---|
|  | */S/CHARLES R. BRIDGERS* |
| 3100 CENTENNIAL TOWER | CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | GA. BAR NO. 080791 |
| ATLANTA, GEORGIA 30303 |  |
| (404) 979-3171 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3170 (f) | KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com |  |
|  | **COUNSEL FOR PLAINTIFFS** |