THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

GREGOR IRISH, JAMES FALDUTO
and JESSI HOLDEN,

    Plaintiffs,

vs.                                      Case No. 4:14-cv-00178-HLM-WEJ

BEALL'S OUTLET STORES, INC.

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

Defendant, Beall's Outlet Stores, Inc. ("Defendant"), and Plaintiffs, Gregor Irish and James Falduto ("Plaintiffs"), respectfully request that the Court approve the settlement reached by the parties[1], which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), and dismiss the Plaintiffs' claims against Defendant with prejudice. The grounds for this motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

### I.    Procedural History.

On July 18, 2014, Plaintiffs filed a Complaint against Defendant, with each alleging a count for violation of the FLSA. Specifically, Plaintiffs claimed that they were

---

[1] The settlement referenced herein does not regard or include Plaintiff, Jessi Holden, who is also a party to this lawsuit, and Ms. Holden does not join in this motion. While Ms. Holden was initially represented by the same counsel representing the Plaintiffs, Gregor Irish and James Falduto, the attorney and firm moved to withdraw from further representation of Ms. Holden on January 13, 2015, and the Court granted this motion on January 15, 2015. To date, Ms. Holden has not retained new counsel, responded to or engaged in any discovery, or otherwise prosecuted this case.

owed unpaid overtime compensation and additional like amounts as liquidated damages for Defendant's alleged misclassification of Plaintiffs as exempt employees under the FLSA, and alleged failure to pay Plaintiffs overtime premium for hours worked in excess of forty hours per week in the course of their employment with Defendant.

The parties have been in the process of completing discovery and have engaged in settlement discussions, and have reached a fair settlement. The parties now seek this Court's approval of the resulting settlement agreement, which is attached to this motion as Exhibit A.

## II.     The settlement agreement is fair and reasonable.

Parties are required to seek court approval of a private settlement of an overtime claim arising under the FLSA. Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In determining whether the settlement reached by the parties is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed by the parties; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. See Leverso v. S. Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

The issue in this case involves the applicability of the administrative exemption to Plaintiffs' work as Loss Prevention Group Managers ("LPGMs"). Plaintiffs contend that their work was routine and largely controlled by the company's manual. Defendant contends that the Plaintiffs were entrusted with significant responsibilities that required

them to exercise discretion and independent judgment, especially as to whether safety considerations would warrant a decision not to detain a suspected shoplifter and as to how to best develop programs to teach Defendant's loss-prevention policies to the employees of the multiple individual stores that fell under their responsibility.  Defendant further contends that its classification of Plaintiffs as exempt was supported by its review of an opinion letter issued by the Department of Labor regarding loss-prevention managers that Defendant believed were very similar to its own LPGMs.  See Paul DeCamp, Dep't of Labor, Wage and Hour Div., FLSA 2006-30 (Sept. 8, 2006).  A copy of said Opinion Letter is attached hereto as Exhibit B.

Defendant deposed both Plaintiffs, and Plaintiff took the deposition of Defendant's Senior Vice President and Chief Human Resource Officer, Dan Doyle.  The parties also exchanged paper discovery, and believe that they are fully apprised of the details of each other's position.

The parties believe that the settlement reached is fair and reasonable.  Defendant has agreed to pay Plaintiff, Gregor Irish, the amount equal to seven months' worth of back wages, or $2,990.03, which sum represents the amount of back wages to which Plaintiff may be entitled were he to prevail on his claims, and has agreed to pay Plaintiff, James Falduto, the amount equal to two months' worth of back wages, or $1,627.22, which sum represents the amount of back wages to which Plaintiff may be entitled were he to prevail on his claims.  Plaintiffs' counsel will also be compensated for attorney's fees and costs in the amount of $10,000.00.

3

Because there is a dispute between the parties as to whether Defendant violated the FLSA in classifying Plaintiffs as exempt employees, the case would require the parties to expend a significant amount of time preparing and briefing dispositive motions and potentially trying the case. Defendant believes that it would prevail on summary judgment or at trial, and is interested in avoiding unnecessary additional litigation expenses. Plaintiffs likewise believe that they could prevail at trial, but recognize that there is a risk that if the case proceeded to trial, they might recover nothing.

Both of the above-referenced sums payable to the Plaintiffs pursuant to the settlement agreement represent the amount of back wages to which each Plaintiff may be eligible considering the two-year statute of limitations which applies absent an employer's willful violation of the FLSA. See 29 U.S.C. §255(a). In light of the testimony regarding Defendant's reliance on the DOL opinion letter, there is a realistic chance that Plaintiffs would not be able to recover anything more than the unliquidated back wage amounts due under a two-year statute of limitations.

Furthermore, the amount paid to Plaintiffs' counsel is fair and reasonable, given that Plaintiffs' counsel expended significantly more time on the case than the amount to be awarded would compensate counsel for. Finally, while the parties have agreed that they will not discuss the settlement, the settlement agreement acknowledges that the parties will seek the Court's approval, and that any such approval will be recorded on the public docket. See Exhibits A and B at ¶3.(e.). In sum, the settlement agreement contains no terms that the parties believe the Court will deem to be in contravention of the legislative purpose of the FLSA.

### III. Conclusion.

Based on the foregoing, the parties respectfully request that this Court approve the attached settlement agreement. The parties further request that the Court dismiss with prejudice the claims made by Plaintiffs against Defendant in this action.

Dated this 17th day of July, 2015.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Kevin D. Johnson | /s/ Kevin D. Fitzpatrick, Jr. |
| Kevin D. Johnson* | Kevin D. Fitzpatrick, Jr. |
| Florida Bar No.: 0013749 | Georgia Bar No.: 262375 |
| Thompson, Sizemore, Gonzalez, & Hearing, P.A. | Delong, Caldwell, Bridgers & Fitzpatrick, LLC |
| 201 N. Franklin St., Suite 1600 | 3100 Centennial Tower |
| Tampa, FL 33602 | 101 Marietta Street |
| Tel: (813) 273-0050 | Atlanta, GA 30303 |
| Fax: (813) 273-0072 | Tel: (404) 979-3171 |
| Email: kjohnson@tsghlaw.com | Fax: (404) 979-3170 |
| Attorney for Defendant | Email: kevin.fitzpatrick@dcbflegal.com |
| *Admitted pro hac vice | Attorney for Plaintiffs |